UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OCEANA, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GINA RAIMONDO, et al.,<br><br>        Defendants. | Case No. 21-cv-05407-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION; AMENDING REMEDY ORDER**<br><br>Re: Dkt. No. 76 |

With leave of the Court, defendants the National Marine Fisheries Service ("NMFS"), National Oceanic and Atmospheric Administration ("NOAA"), and Gina Raimondo, in her official capacity as Secretary of the U.S. Department of Commerce, seek partial reconsideration of this Court's June 28, 2024 Order Re Remedy ("Remedy Order"). Dkt. No. 73. Specifically, defendants ask the Court to reconsider the portion of the order that directs NMFS to issue interim specifications effective July 1, 2024 pending publication of the final 2024-2025 annual specifications. Dkt. No. 76 at 1. Plaintiff Oceana, Inc. opposes the motion for reconsideration in part. Dkt. No. 77. The Court finds this motion suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

Having considered the parties' submissions, the Court grants defendants' motion for reconsideration.

The parties agree that defendants are required to publish an interim rule in the Federal Register, and the Court accepts defendants' representation that it could not, as a practical matter, publish such a rule by July 1, 2024. *See* Dkt. No. 76 at 3-4; Dkt. No. 77 at 2. Defendants advise that "[t]he Court-ordered interim rule is expected to become effective between July 12, 2024 and

July 15, 2024." Dkt. No. 78 at 1. Oceana agrees that July 15, 2024 is a reasonable date for promulgation of the interim rule. Dkt. No. 77 at 2-4. The Court finds that defendants' promulgation of an interim rule by July 15, 2024 will constitute substantial compliance with the Remedy Order.

Separately, defendants advise that the final annual specifications for 2024-2025 cannot be published by August 1, 2024, but are expected to be published by August 19, 2024.[1] Dkt. No. 76 at 4; Dkt. No. 78 at 4. This means there will be a gap in regulation of the fishery between August 1, 2024, when the interim rule referenced above is due to expire, and August 19, 2024, when the 2024-2025 annual specifications are expected to take effect. *See* Dkt. No. 73 at 10. The parties appear to agree that a gap in regulation of the fishery is undesirable. *See* Dkt. No. 77 at 3-4; Dkt. No. 78 at 3. Accordingly, the Court finds it appropriate to require NMFS to issue a further interim rule with specifications that are no less restrictive than the 2023-2024 annual specifications as soon as possible, consistent with the Administrative Procedures Act and the requirements for publication in the Federal Register, as defendants suggest. *See* Dkt. No. 76-1. Such further interim rule should remain in effect until issuance of the 2024-2025 annual specifications to avoid another gap in regulation of the fishery. *See id.*

For these reasons, and upon reconsideration, the Court amends the Remedy Order as follows: Paragraph 5 at page 11 of the order is withdrawn, and replaced by the following:

The Court: . . . "5. ORDERS NMFS, upon expiration of the 2023-2024 annual specifications, to implement interim specifications (including a further interim rule if necessary) that are no less restrictive than the current 2023-2024 annual specifications as soon as possible, consistent with the Administrative Procedures Act and the requirements for publication in the Federal Register. Such interim specifications shall remain in effect until issuance of the final 2024-2025 annual specifications, which are expected to be published no later than August 19, 2024."

---

[1] In view of defendants' representations regarding the expected publication dates, the Court does not require submission of a status report by July 26, 2024.

**IT IS SO ORDERED.**

Dated: July 10, 2024

Virginia K. DeMarchi
United States Magistrate Judge